IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DENNIS J. EDWARDS,<br>    Plaintiff,<br><br>v.<br><br>JONATHAN EK,<br>    Defendant. | Case No. 2:24-cv-02235-JEH |

### Order

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging an Eighth Amendment claim against Defendant Dr. Jonathan Ek based on his alleged deliberate indifference to his cataracts while he was incarcerated at Danville Correctional Center. (Docs. 1 and 6). This matter is now before the Court on Defendant's Motion for Order to Show Cause pursuant to Federal Rule of Civil Procedure 37(b)(2) and (c)(1). (Doc. 27). For the reasons stated below, Defendant's Motion is GRANTED.

### I

On March 3, 2025, the Court entered a Scheduling Order requiring Plaintiff to provide his initial disclosures to Defendant within thirty days. (Doc. 13 at pp. 2-3). Specifically, Plaintiff was required to provide:

    A. The names of the persons with knowledge of the relevant incidents whom Plaintiff may use to support his claims, along with a short description of what each person knows;

    B. Copies of documents Plaintiff possesses which Plaintiff may use to support his claims;

    C. Any information Plaintiff has to help identify the Doe defendants, if Doe Defendants are named;

    D. A statement of the injuries Plaintiff suffered and the relief Plaintiff seeks.

*Id.* at p. 3. Plaintiff did not provide his initial disclosures to Defendant by April 2, 2025. On April 17, 2025, Defendant served Plaintiff with a Rule 37 letter requesting him to provide his initial disclosures. (Doc. 21-2). Plaintiff did not respond.

On May 1, 2025, Defendant filed a Motion to Compel asking the Court to order Plaintiff to provide his initial disclosures. (Doc. 21). The Court granted Defendant's motion and ordered Plaintiff to provide his initial disclosures by June 11, 2025. (d/e 5/21/2025). The Court cautioned Plaintiff that "[t]he failure to do so by 6/11/2025 will result in the dismissal of this case with prejudice." *Id.*

Instead of providing his initial disclosures, Plaintiff filed a "Motion Stating Plaintiff is Exempt from Initial Disclosures as a Pro Se Plaintiff" claiming that he was exempt from providing Defendant his initial disclosures. (Doc. 24). On June 11, 2025, the Court denied Plaintiff's motion and ordered him to provide his initial disclosures by July 2, 2025. (d/e 6/11/2025). The Court again warned Plaintiff that the failure to provide his initial disclosures would result in the dismissal of this case with prejudice. *Id.*

On July 7, 2025, Defendant filed a Motion for Order to Show Cause asking the Court to order Plaintiff to show cause why he should not be subject to sanctions. (Doc. 27). Plaintiff's response was due on July 21, 2025, but no response was filed.

II

Under Federal Rule of Civil Procedure 37(b)(2)(A), "[i]f a party…fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). Additionally,

2

"[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)…the court, on motion and after giving an opportunity to be heard…may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." FED. R. CIV. P. 37(c)(1).

Defendant argues he has been prejudiced by Plaintiff's failure to provide his initial disclosures. Defendant asserts that withholding potentially relevant evidence has hindered his ability to prepare a defense and caused him to expend significant time and effort to compel Plaintiff to produce his initial disclosures.

The Court has ordered Plaintiff to provide his initial disclosures three times, but he failed to do so. (Doc. 13; d/e 5/21/2025; d/e 6/11/2025). Plaintiff also did not respond to Defendant's Motion for Order to Show Cause. Consequently, Defendant's motion is GRANTED. Within fourteen days of this Order, Plaintiff is ORDERED to show cause why the Court should not dismiss this case with prejudice based on his failure to provide his initial disclosures and comply with Court Orders. *See* FED. R. CIV. P. 37(b)(2), 37(c)(1), and 41(b). *See Mac Naughton v. Harmelech*, 932 F.3d 558, 566 (7th Cir. 2019) (citing *Link v. Wabash R.R. Co.*, 291 F.2d 542, 546 (7th Cir. 1961)). Failure to do so will result in dismissal of this case, with prejudice.

### III

Finally, the Court notes that online records from the Illinois Department of Corrections indicate that Plaintiff is no longer in custody and was released on parole on July 29, 2025. In the Scheduling Order, the Court stated that "Plaintiff must keep the Clerk informed in writing of his current address and, if released from detention, his phone number." (Doc. 13 at p. 8, ¶ 29). The Court warned Plaintiff that the failure to do so would result in the dismissal of this case with prejudice. *Id.* Pursuant to Central District of Illinois Local Rule 16.3(K), every pro se plaintiff must notify the Clerk in writing of any change of address during the

entire pendency of his case. Civil-LR 16.3(K). It is not the Court's responsibility to independently maintain current addresses on all parties to pending actions. Within fourteen days of this Order, Plaintiff is ORDERED to file a Notice of Change of Address to provide his current address and a phone number where he can be reached. Failure to do so will result in dismissal of this case, with prejudice. As a courtesy to Plaintiff, the Clerk is directed to send a copy of this Order to Plaintiff's last known address.

**IT IS THEREFORE ORDERED:**

**1)   Defendant's Motion for Order to Show Cause [27] is GRANTED. Within 14 days of this Order, Plaintiff is ORDERED to show cause why the Court should not dismiss this case with prejudice based on his failure to provide his initial disclosures and comply with Court Orders.** *See* **Fed. R. Civ. P. 37(b)(2), 37(c)(1), and 41(b). Failure to do so will result in dismissal of this case, with prejudice.**

**2)   Within 14 days of this Order, Plaintiff is also ORDERED to file a Notice of Change of Address to provide his current address and a phone number where he can be reached. Failure to do so will result in dismissal of this case, with prejudice.**

**3)   The Clerk is directed to send a copy of this Order to Plaintiff's last known address.**

Entered: July 30, 2025

s/Jonathan E. Hawley
U.S. District Judge