**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

DENNIS J. EDWARDS,
    Plaintiff,

v.

JONATHAN EK, *et al.*,
    Defendants.

Case No. 2:24-cv-02235-JEH

**Order**

    This matter is now before the Court on Defendant Jonathan Ek's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). For the reasons stated below, Defendant's Motion is GRANTED.

**I**

    On October 15, 2024, Plaintiff Dennis Edwards, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1).

    On March 3, 2025, this Court entered a Scheduling Order requiring Plaintiff to provide his initial disclosures to defense counsel under Federal Rule of Civil Procedure 26 by April 2, 2025. (Doc. 13 at pp. 2-3). Plaintiff was required to provide the following:

    A. The names of the persons with knowledge of the relevant incidents whom Plaintiff may use to support his claims, along with a short description of what each person knows;

    B. Copies of documents Plaintiff possesses which Plaintiff may use to support his claims;

    C. Any information Plaintiff has to help identify the Doe defendants, if Doe Defendants are named;

    D.  A statement of the injuries Plaintiff suffered and the relief Plaintiff seeks.

*Id.* Plaintiff did not comply with the Court's Scheduling Order.

On May 1, 2025, Defendant filed a Motion to Compel asking the Court to enter an Order compelling Plaintiff to provide his initial disclosures. (Doc. 21). On May 21, 2025, the Court granted Defendant's motion and ordered Plaintiff to provide his initial disclosures by June 11, 2025. The Court warned Plaintiff the failure to do so would result in the dismissal of this case with prejudice under Rules 37(b)(2)(A)(v) and 41(b).

On June 10, 2025, Plaintiff filed a "Motion Stating Plaintiff is Exempt from Initial Disclosures as a Pro Se Plaintiff." (Doc. 24). On June 11, 2025, the Court denied Plaintiff's motion and ordered Plaintiff to produce his initial disclosures by July 2, 2025. The Court cautioned Plaintiff the failure to comply would result in the dismissal of this case with prejudice.

On July 7, 2025, due to Plaintiff's repeated refusals to comply with the Court's Orders, Defendant moved for an Order to Show Cause. (Doc. 27). On July 30, 2025, the Court granted Defendant's motion and "ORDERED [Plaintiff] to show cause why the Court should not dismiss this case with prejudice based on his failure to provide his initial disclosures and comply with Court Orders" by August 13, 2025. (Doc. 28 at p. 4).

On August 11, 2025, Plaintiff filed a Notice of Change of Address stating he had been released from custody in July 2025 for medical reasons. (Doc. 29). On August 13, 2025, the Clerk mailed Plaintiff a copy of the Order entered on July 30, 2025 to his new address.

On September 3, 2025, Defendant filed a Motion for Extension of Time requesting additional time to complete discovery. (Doc. 35). Defendant also stated

Plaintiff had still not produced his initial disclosures. On September 4, 2025, the Court granted Defendant's motion. Due to Plaintiff's recent release, the Court gave Plaintiff a final opportunity to provide his initial disclosures by September 18, 2025. The Court stated:

> Out of an abundance of caution, the Court will provide Plaintiff with a FINAL opportunity to provide his initial disclosures to Defendant. Pursuant to the Court's Order granting Defendant's Motion for Order to Show Cause, Plaintiff is ORDERED to produce his initial disclosures within 14 days of this Order. Plaintiff's failure to comply with this Order by providing his initial disclosures to Defendant within 14 days will result in sanctions being imposed upon him, including the dismissal of this case with prejudice, upon receipt of a proper motion from Defendant requesting such a sanction.

(Text Order 9/4/2025). On September 22, 2025, Defendant filed a Motion to Dismiss asking the Court to dismiss this case because Plaintiff did not produce his initial disclosures. The Court issued a Notice to Plaintiff regarding the filing of Defendant's Motion to Dismiss and warned Plaintiff the failure to respond could result in the dismissal of this case. (Doc. 41). Plaintiff's response to Defendant's motion was due by October 6, 2025, but Plaintiff did not respond.

## II

A complaint may be dismissed as a sanction under Rule 37(b) if a party "fails to obey an order to provide or permit discovery." *Watkins v. Nielsen*, 405 F. App'x 42, 44 (7th Cir. 2010) (internal citations omitted); Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal is appropriate if the court finds the party's actions "displayed willfulness, bad faith, or fault, and if dismissal would be a proportionate response to the circumstances. *Id*.; *see also Williams v. Wahner*, 714 F. App'x 601 (7th Cir. 2018) (upholding district court's dismissal of case for plaintiff's failure to respond to discovery). "If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to

any third parties, dismissal . . . would be an excessively severe sanction." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

Here, Plaintiff's case has been at a standstill due to his failure to comply with multiple Court Orders to produce his initial disclosures. Plaintiff's disclosures were originally due on April 2, 2025. The Court then extended the deadline to June 11, 2025, July 2, 2025, and August 13, 2025. Plaintiff was then given a final opportunity to provide his disclosures by September 18, 2025. Plaintiff's failure to produce his disclosures is more than inadvertent, isolated, or careless and has caused serious inconvenience to Defendant Ek and significantly delayed the resolution of this case.

Although dismissal is a harsh sanction, it is unclear what lesser sanction would be effective in this case, as Plaintiff has failed to provide his initial disclosures after being given multiple opportunities over the past six months. Plaintiff also failed to respond to Defendant's Motion to Dismiss. The Court finds Plaintiff has displayed willfulness, bad faith, and conduct sanctionable under Rule 37(b)(2)(A)(v) and failed to comply with several Court Orders under Rule 41(b). Defendant's Motion to Dismiss is GRANTED. This case is hereby dismissed with prejudice pursuant to Rules 37(b)(2)(A)(v) and 41(b).

**IT IS THEREFORE ORDERED:**

**1) Defendant's Motion to Dismiss [40] is GRANTED. Defendant Jonathan Ek is DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). The Clerk is directed to enter judgment and close this case.**

**2)      Plaintiff remains responsible for paying the remainder of the $350.00 filing fee. (See d/e 10/15/2024).**

**3)      If Plaintiff wishes to appeal this judgment, he must file a Notice of Appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**4)     To proceed *in forma pauperis* on appeal, Plaintiff must file a Motion for Leave to Proceed on Appeal *in forma pauperis* and identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (An appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: October 24, 2025

s/Jonathan E. Hawley
U.S. District Judge

5